**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | 8:01CR113 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **DAMION WELLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on initial review of defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion) (Filing No. 120) and Motion to Amend the Motion to Vacate under 28 U.S.C. § 2255 (motion to amend) (Filing No. 123).

The court will grant defendant's Motion to Amend his § 2255 motion and under Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts,* the court will conduct initial review of the issues raised in defendant's § 2255 motion and his motion to amend. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After a jury trial, defendant was found guilty on Count Four of the indictment charging him with possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841.

Defendant filed a direct appeal challenging his conviction and sentence.  On February 11, 2004, the Eighth Circuit affirmed the decision of the district court.  (Filing No. 115). Defendant's writ of certiorari filed with the United States Supreme Court  was denied on June 7, 2004.  (Filing No. 119).

In his § 2255 motion and his motion to amend his § 2255 motion, the defendant makes the following arguments: (1) the government abused its authority at the suppression hearing by using tainted evidence that was uncovered during a nonconsensual warrantless search in violation of the Fourth Amendment;  (2) the movant is actually innocent of the offense for which he has been convicted and sentenced;  (3) defendant was deprived of his Sixth Amendment right to confront witnesses;  (4) defendant received ineffective assistance of counsel based on his attorney's failure to obtain an expert witness; (5) defendant received ineffective assistance of counsel at trial and on appeal based on counsel's failure to challenge defendant's illegal arrest; and (6) defendant received ineffective assistance of counsel based on counsel's failure to investigate a material witness or call the material witness to testify.  I will order the United States to answer the defendant's claims.  In addition to any other issues raised in the answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.  After the court receives the government's answer and accompanying documents, the court will review defendant's request for discovery and appointment of counsel and determine whether a hearing is required.[1]

---

[1] See Rule 8(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*:

> If the [§ 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded

THEREFORE, IT IS ORDERED:

1. Defendant's Motion to Amend (Filing No. 123) is granted;

2. That upon initial review, the court finds and concludes that summary dismissal of the defendant's § 2255 motion (Filing No. 120) is not appropriate;

3. That by January 6, 2006, the United States shall answer or otherwise respond to the defendant's § 2255 motion, and shall file an accompanying brief; and

4. That by February 6, 2006, the defendant may file a reply brief.

DATED this 5th day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

---

record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.