IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:01CR113 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DAMION WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (§ 2255 motion) (Filing No. 120).

## FACTUAL BACKGROUND

Defendant Damion Wells was charged with three counts of possession of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841 and one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. Defense counsel filed a motion to suppress and a suppression hearing was held before defendant's trial. At the hearing, FBI agent James Slosson testified, defense counsel cross-examined Mr. Slosson and called the defendant to testify. At trial, the government called the arresting officer, Officer Desler, and co-defendant Oraina Fellows to testify and the defendant had the opportunity to cross-examine both witnesses. Ms. Fellows testified to the incidents surrounding the arrest. (Filing No. 71). On cross-examination defense counsel questioned Ms. Fellows about her cooperation with the United States Attorney, the state charges pending against her, and the fact that she was in possession of $652 dollars in cash and 7.2 grams of marijuana at the time of the incident. (Filing No. 71). Officer Desler testified at trial that he and his partner were instructed to stop a blue Pontiac Grand Am and that

after pulling the vehicle over he heard the male passenger say "go" to the driver so he ordered the passenger Damion Wells to show his hands.  After defendant and Ms. Fellows were arrested Officer Desler drove the vehicle to the Northeast Precinct to do an inventory search.  During this search, Officer Desler found two bags of crack cocaine.  Defense counsel cross-examined Officer Desler about the owner of the vehicle and about the evidence found on co-defendant Ms. Fellows.  A jury found defendant guilty on Count IV of the indictment charging him with possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841.

Defendant filed a direct appeal challenging his conviction and sentence.  On appeal Wells argued that the district court erred by denying his motion to suppress evidence discovered in the search of the residence at 2202 North 40th Street.  He argued that the supporting affidavit was insufficient to establish probable cause upon which a warrant may issue.  The Eighth Circuit affirmed the district court concluding that the affidavit set forth facts sufficient to lead it to believe "that the state court correctly determined the affidavit supported the issuance of the search warrant."  Defendant also argued that the district court should have suppressed the evidence discovered during the search of the Grand Am. While the Eighth Circuit did not sanction the automobile search as one incident to a lawful arrest, it concluded that the search was lawful pursuant to the "automobile exception." *United States v. Wells*, No. 02-2233 (October 17, 2003 8th Cir).  Defendant's writ of certiorari filed with the United States Supreme Court  was denied on June 7, 2004. (Filing No. 119).

In his § 2255 motion and his motion to amend his § 2255, the defendant makes the following arguments: (1) the Government abused its authority at the suppression hearing

by using tainted evidence that was uncovered during a nonconsensual warrantless search in violation of the Fourth Amendment; (2) the movant is actually innocent of the offense for which he has been convicted and sentenced; (3) defendant was deprived of his Sixth Amendment right to confront witnesses; (4) defendant received ineffective assistance of counsel based on his attorney's failure to obtain an expert witness; (5) defendant received ineffective assistance of counsel at trial and on appeal based on counsel's failure to challenge defendant's illegal arrest; and (6) defendant received ineffective assistance of counsel based on counsel's failure to investigate a material witness or call the material witness to testify.

## DISCUSSION

### I.   Fourth Amendment Violation

In his first claim defendant argues that the prosecution used evidence against him that was obtained through an unlawful search.  Specifically, defendant argues that the officers who stopped the vehicle in which he was a passenger exceeded the scope of circumstances warranting the original stop of the vehicle.

The defendant challenged the legality of this search on appeal to the Eighth Circuit. The Eighth Circuit held that the warrantless search of the vehicle was constitutional pursuant to the "automobile exception."  In his response to the government's answer, defendant claims that his argument before this court is distinguishable from his argument on appeal.  However, his argument is still a challenge to a search which has been determined legal by the Eighth Circuit and claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.  *Bear*

*Stops v. United States.,* 339 F.3d 777 (8th Cir. 2003). Therefore, because the Eighth Circuit has considered and decided this issue, this court will not revisit the issue and defendant's claim is denied.

## II. Actually Innocent

Next, defendant argues that he is actually innocent of the offense charged. The record does not support this contention. As was outlined in the Eighth Circuit's opinion there was ample evidence to support a guilty verdict against defendant. The vehicle that Wells was arrested in was searched and two ounces of crack were discovered. Another one and one half ounces of crack were discovered during the search of the storage unit behind Wells' home. A firearm was discovered at the home and a pager was discovered on Wells' person. Additionally, at trial the United States Attorney introduced five incriminating taped conversations between Wells and an informant and an officer testified that he saw the informant page Wells. As the Eighth Circuit concluded "[t]hese facts together support Wells' conviction." *United States v. Damien Wells*, No. 02-2233 (January 14, 2003 8th Cir.)

Moreover, defendant's claim is procedurally barred, as it was not raised in any manner at trial, sentencing, or on appeal. Defendant has not overcome the procedural default by showing: 1) cause for the default; and 2) actual innocence. *McNeal v. United States,* 249 F.3d 747, 748 (8th Cir. 2001). Therefore, defendant's claim is denied.

## III. Sixth Amendment Violations

### A. Confrontation Clause

Defendant contends that he was deprived of his Sixth Amendment right to confront witnesses because Officer Desler and Oraina Fellows did not testify at the suppression hearing.

The record does not support defendant's allegation. First, while the witnesses did not testify at the suppression hearing, they both testified at trial and defendant had an opportunity to cross-examine each of these witnesses. Therefore defendant's claim is denied as moot.

### B. Ineffective Assistance of Counsel

Finally, defendant alleges four claims of ineffective assistance of counsel: (1) defendant received ineffective assistance of counsel based on his attorney's failure to obtain an expert witness; (2) defendant received ineffective assistance of counsel at trial and on appeal based on counsel's failure to challenge defendant's illegal arrest; (3) defendant received ineffective assistance of counsel based on counsel's failure to investigate a material witness or call the material witness to testify; and (4) his trial counsel was ineffective for failing to call the arresting officer, Officer Desler, or his co-defendant Oraina Fellows to testify at the suppression hearing.

To prevail on an ineffective assistance claim, Supreme Court precedent requires a petitioner to demonstrate that counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance to such an extent that there is a reasonable probability that the outcome of the trial would have been different absent counsel's error. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct

falls within the wide range of reasonable professional judgment. *Id.* at 689. Prejudice is shown by demonstrating that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Under *Strickland*, counsel's performance is "measured against an objective standard of reasonableness," and "hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made, and by giving a heavy measure of deference to counsel's judgments." *Rompilla v. Beard*, 125 S.Ct. 2456, 2462 (2005) (internal quotations and citations omitted).

Here, defendant is challenging his attorney's choice of witnesses and tactics used during the proceedings as a basis for his ineffective assistance of counsel claim. The choice of witnesses and defense tactics are ordinarily matters of trial strategy and will not support a claim of ineffective assistance of counsel. *Williams v. Bowersox*, 340 F.3d 667, 669 (8th Cir. 2003).

Moreover, on this record defendant would not be able to establish that he was prejudiced by his attorney's actions. Because "to establish prejudice from counsel's failure to investigate a potential witness, a petition must show that the witness would have testified and that their testimony would have probably changed the outcome of the trial.'" *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996). Both witnesses that defendant argues his attorney should have called to testify at the suppression hearing testified at trial. In both cases the testimony by the witness was not beneficial to defendant and would not have made a material difference at the suppression hearing. Furthermore, defendant has not made any showing that the testimony of any additional witnesses would have changed the

outcome of his trial. As was outlined above, the government had substantial evidence to support its case against defendant.

Finally, defendant also claims his attorney was ineffective for failing to challenge his arrest. However, his attorney is not required to make a frivolous argument and in this case the police had ample evidence to arrest defendant. The police saw the informant page Wells. They observed Wells go to the location suggested by the informant and upon pulling Wells over they heard a male passenger tell the driver "go."

Based on this record, defendant has failed to establish either prongs of the *Strickland* test establishing that he received ineffective assistance of counsel.

IT IS ORDERED:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (§ 2255 motion) (Filing No. 120) is denied;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 29th day of March, 2006.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge