IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

DAMION WELLS,

        Defendant.

8:01CR113

ORDER

This matter is before the court on the defendant's notice of appeal, Filing No. 229, of this court's order denying his motion for reconsideration, Filing No. 228, and a request to proceed in forma pauperis sent by the Clerk of Court, Filing No. 230.

Under the Federal Rules of Appellate Procedure, a party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  See Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) (stating "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  "Good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose [has] any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).  A lack of good faith is not shown by the mere fact that the appeal lacks merit but that the issues raised are so frivolous that the appeal would be dismissed if the case was that of

a nonindigent litigant. *Coppedge v. United States*, 369 U.S. 438, 447 (1962); *see also Lee*, 209 F.3d at 1026 (adopting *Coppedge* standard, post-Prison Litigation Reform Act (PLRA)).

Defendant previously filed a motion to dismiss, Filing No. 199, which this court denied, Filing No. 200. The defendant was sentenced in this case in 2002; he filed an appeal; he filed for habeas corpus relief which the court denied; the Eighth Circuit dismissed his appeal; he filed a motion to reduce sentence which this court denied; he moved for reconsideration which this court denied; the Eighth Circuit also denied this appeal; and he has filed additional other motions which were denied.  He filed a second motion to dismiss, Filing No. 199, alleging the government has no jurisdiction over him. This court denied that motion as frivolous and without merit.  Filing No. 200.  He then filed for reconsideration, Filing No. 201, and this court also denied that motion for the same reasons.  Filing No. 202.  Subsequently, the court denied the defendant's motion for a certificate of appealability and for leave to proceed in forma pauperis on appeal. Filing No. 208.  On appeal, the Eighth Circuit summarily affirmed this court's dismissal of his § 2255 motion, and later denied his petition for rehearing.  Filing No. 214 & Filing No. 216.

Wells filed another pro se petition for a writ of habeas corpus, again asserting that the court lacks jurisdiction.  Filing No. 221.  On initial review, the court found summary dismissal was appropriate, finding the motion for relief frivolous and lacking in merit, and denied the petition as successive.  Filing No. 222.  On reconsideration, the court again denied relief.  Filing No. 228.

The court finds the present motion is nothing more than a rehash of the defendant's earlier arguments. Accordingly, pursuant to Fed. R. App. P. 24, the court again certifies that this appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915 and the defendant is not entitled to proceed on appeal in forma pauperis. Accordingly,

IT IS ORDERED that defendant is denied leave to appeal in forma pauperis

DATED this 24th day of June, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge