IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   vs.<br><br>DAMION WELLS,<br><br>                   Defendant. | 8:01CR113<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant's motion to vacate conviction pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Filing No. 243. On May 23, 2001, the government indicted the defendant for conspiracy to possess with the intent to distribute crack cocaine (Count I) and possession with intent to distribute crack cocaine (Counts II through IV). Filing No.1. Defendant contends the government withheld exculpatory evidence from him.

**BACKGROUND**

The record shows the defendant was sentenced in this case in 2002. Filing No. 87. He filed an appeal, which was denied. Filing No. 115. The Supreme Court denied certiorari. Filing No. 119. He thereafter filed a motion to reduce his sentence under amendments to the crack cocaine guidelines, which this Court denied. Filing No. 149, Motion, Filing No. 153, Order. He appealed that order and the Eighth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. Filing No. 164 and Filing No. 167. He also filed for habeas corpus relief which this Court denied. Filing No. 120, Motion; Filing No. 129, Memorandum and Order; Filing No. 130, Judgment.

Also, he filed a "motion to dismiss" alleging the government has no jurisdiction over him. Filing No. 199. This Court denied that motion as frivolous and without merit. Filing No. 200. He then filed for reconsideration, and this Court also denied that motion for the same reasons. Filing No. 201, Motion; Filing No. 202, Order. The defendant also filed other motions, including a motion for writ of coram nobis, Filing No. 169; a motion to reduce sentence, Filing No. 172; and a motion to correct sentence, Filing No. 187, all of which this Court denied.  See Filing No. 170, Filing No. 179, and Filing No. 189.  He filed an appeal, Filing No. 205, and the Eighth Circuit summarily affirmed this Court. Filing Nos. 214 and 217.  Defendant then filed a second motion for a writ of habeas corpus, Filing No. 221, which the Court denied.  Filing No. 222.  He then filed motions under Rule 60(a) and (b) and 59(e) of the Federal Rules of Civil Procedure, Filing No. 226, which again this Court denied. Filing No. 228.  Defendant appealed that order, Filing No. 229, which the Eighth Circuit summarily affirmed.  Filing No. 240.  He has now filed a motion to vacate his conviction, Filing No. 243.

**ANALYSIS**

**a.  Successive § 2255 Filing**

Having reviewed Filing No. 243, defendant's third habeas petition, the court finds that the present § 2255 motion is properly characterized as "successive," within the meaning of 28 U.S.C. §§ 2255 and 2244(b), as defendant previously filed a § 2255 action in this Court.  See Filing No. 221. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed procedural requirements on federal prisoners, like the defendant, who wish to file "second or successive" motions to vacate their sentences. The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent

habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application.  Also, 28 U.S.C. § 2255 provides that a second or successive section 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244.

> 28 U.S.C. § 2244(b) states:
>
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>     (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
>      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)   (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>     (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>     (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>     (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>     (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed

unless the applicant shows that the claim satisfies the requirements of this section.

Similarly, 28 U.S.C. § 2255 states, in pertinent part:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The defendant's current § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255.  Therefore, Filing No. 243, is denied.

THEREFORE, IT IS ORDERED THAT defendant's motion to vacate, Filing No. 243, is denied by this Court.  The Clerk of Court is ordered to send a copy of this Memorandum and Order and a copy of Filing No. 243 electronically to the Eighth Circuit Court of Appeals.

Dated this 8th day of October, 2015

> BY THE COURT:
>
> s/ Joseph F. Bataillon
> Senior United States District Judge

4