IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:01CR113** |
| vs. | | |
| DAMION WELLS, | | **ORDER** |
| Defendant. | | |

This matter is before the Court on defendant's motion to appeal, Filing No. 246, this Court's order, Filing No. 245, denying his motion for relief pursuant to 28 U.S.C. § 2255, Filing No. 243. The court denied this motion on the basis that it constituted a successive petition, and that on initial review, defendant was not entitled to relief.

Before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> . . . .
>
> (B) The final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In contrast, if the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims on the merits, a certificate of appealability should issue under 28 U.S.C. § 2253(c) when the defendant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and would find it debatable whether the district court was correct in its procedural ruling. *Id.*

For the reasons set forth in the Memorandum and Order denying the defendant's § 2255 motion (Filing No. 245), I conclude that the defendant has not made a substantial showing of the denial of a constitutional right and has not shown that this court's order was debatable or incorrect, as required by 28 U.S.C. § 2253(c). Accordingly, a Certificate of Appealability is denied. However, Fed. R. App. P. 22(b) permits the defendant to request a Certificate of Appealability from the Court of Appeals.

Therefore, it is ordered that defendant's notice of appeal, Filing No. 246, is denied, defendant may request a Certificate of Appealability from the Eighth Circuit Court of Appeals.

Dated this 26th day of October, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge