IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DAMION WELLS,<br><br>                Defendant. | 8:01CR113<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Damion Wells's motion for reconsideration, Filing No. 260, of the court's earlier order, Filing No. 258, denying his "Motion to Consider Quantity of Drugs and Review Enhancement," Filing No. 257. The court construed the defendant's earlier motion as a motion to vacate under 28 U.S.C. § 2255.

      In that motion, Wells sought review of a determination of drug quantity that allegedly affected his sentence.[1] Wells now contends that the court's jurisdiction over the motion was based on the presence of a federal question under 28 U.S.C. § 1331 and states that he presented a civil rights complaint. He cites the case of *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014), for the proposition that a district court should not recharacterize a pleading without first obtaining the consent of the petitioner. That case is inapposite. In *Spencer*, the Eighth Circuit Court of Appeals found "an appropriate construction would be to recharacterize Spencer's claim into the correct procedural vehicle for the claim asserted," which in that case was a *Bivens* claim for an

---

[1] The court is not unsympathetic to Wells's position, but lacks authority to provide Wells the relief he seeks. After a jury trial, Wells was convicted of possession with intent to deliver cocaine base, an offense that carries a statutory mandatory minimum sentence of twenty years that the court is without power to reduce. The court has, however, advocated for clemency for Wells.

Eighth Amendment violation.[2] *Id.* at 471. The Eighth Circuit noted, however, that a writ of habeas corpus was the appropriate remedy for a challenge to "the validity of his conviction or the length of his detention." *Id.* at 469.

In *Castro v. United States*, 540 U.S. 375, 381 (2003), the Supreme Court explained that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." One reason for such recharacterization is "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Id.*; see *Smith v. Hobbs*, 490 F. App'x 833, 834 (8th Cir. 2012). In *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a 42 U.S.C. § 1983 claim. The prisoner's label is not controlling. See *id.* The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. *Id.* at 484. "It is the substance of the relief sought which counts." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

In certain circumstances, the court should obtain consent for recharacterization on account of the fact that "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) (involving the recharacterization of a prisoner's petition for habeas

---

[2] See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing cause of action for constitutional violations by federal officers).

corpus as a prisoner civil rights complaint); see also *Kruger v. Erickson*, 77 F.3d 1071, 1073–74 (8th Cir. 1996) (discussing the fundamental differences between a civil rights action and a habeas action). *Castro* held that when a district court recharacterizes a pro se litigant's motion as a first § 2255 motion, the court must notify the litigant, warn him that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant with an opportunity to withdraw or amend the motion. *Smith*, 490 F. App'x at 835 (quoting *Castro*, 540 U.S. at 383).[3] However, when a petitioner seeks relief concerning the execution of his sentence—relief that can only be had through habeas corpus—the district court properly treats the motion as a habeas corpus application. See *Smith*, 490 F. App'x at 835; see also *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). Warnings are not required when a petitioner would not be prejudiced by any future erroneous application of the second or successive bar. See, e.g., *Settle v. United States*, 4:12–CV–1534–JCH, 2012 WL 4049023 (E.D. Mo. Sept. 13, 2012) (stating that because the motion at issue was successive, providing a Castro-type warning and an opportunity to withdraw his motion would be of no avail to him); *Cree v. United States*, 4:10–CV–25, 2010 WL 1814938 (D.N.D. May 4, 2010) (same).

This is not Wells's first habeas corpus petition, so the warnings and consent required under *Castro* are not implicated.[4] On reconsideration, the court continues to

---

[3] If the court fails to get consent to recharacterize the complaint, the remedy is that the motion "'cannot be considered to have become a § 2255 motion *for purposes of applying to later motions the law's 'second or successive' restrictions*.'" *Smith*, 490 F. App'x at **1 (quoting *Castro*, 540 U.S. at 383) (emphasis added in *Smith*).

[4] In fact, as noted in the court's earlier order, Wells has submitted numerous other filings. Filing No. 258, Memorandum and Order at 2 n.1 (noting that in addition to Wells's original § 2255 motion, this

3

believe that Wells's claim must be treated as a successive § 2255 petition. He does not present any challenge to his conditions of confinement nor does he allege any unconstitutional actions by federal officers. Though he alludes to violations of Amendments V, VI, VIV and VIII of the Constitution, he provides no factual details other than to state that his sentence was enhanced for a quantity of crack cocaine that "would not even weigh on a federal scale." Filing No. 257, Motion at 2.

Even liberally construing the motion, the court is unable to construe the motion as asserting a civil rights claim.[5] Simply stated, a *pro se* complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). It is clear to the court that Wells again challenges the validity of his conviction and the length of his sentence. Under the circumstances, the motion for reconsideration will be denied. Accordingly,

IT IS ORDERED that defendant's motion for reconsideration, Filing No. 260, is denied.

Dated this 28th day of July, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

court also denied a motion to reduce his sentence based on the crack cocaine Amendment 706, a motion for writ of coram nobis, two motions to reduce his sentence, and a motion to correct his sentence).

[5] As a person in confinement, if Wells elects to file a civil rights action, he will be responsible for the full filing fee, which he will be permitted to pay in installments should the court grant his application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1). In addition, his claims would be subject to screening as mandated by 28 U.S.C. § 1915A.

4