IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>DAMION WELLS,<br><br>      Defendant. | 8:01CR113<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the defendant's motion to vacate under 28 U.S.C. § 2255. Filing No. 290. The defendant claims he is actually innocent of the offense of conviction. *Id.* at 1–2. Under the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.* For the reasons set forth herein, the Court finds the defendant's motion should be summarily dismissed.

**I. BACKGROUND**

  The defendant, Damion Wells, was convicted after a jury trial of possession with intent to distribute 50 grams or more of cocaine base pursuant to 21 U.S.C. § 841. The Court sentenced him to a mandatory minimum sentence of 240 months' incarceration for having committed the crime after a conviction for a felony drug offense as well as ten years of supervised release. Filing No. 87; Filing No. 89.

1

This is the defendant's fifth § 2255 motion. After an unsuccessful appeal, Filing No. 115, Wells filed for habeas corpus relief arguing, inter alia, that he was actually innocent of the crime of conviction, Filing No. 120. The Court denied his motion. Filing No. 129. He again moved for habeas relief, Filing No. 221, which the Court denied on the basis his motion was frivolous and a successive petition, Filing No. 222 at 2. Wells next moved to vacate his conviction pursuant to § 2255 by arguing the government withheld exculpatory evidence from him. Filing No. 243. The Court denied this motion. Filing No. 245. Lastly, Wells filed his fourth motion for habeas relief under § 2255 asserting various sentencing errors, Filing No. 257, which the Court summarily dismissed, Filing No. 258.[1]

## II.  DISCUSSION

### A.  Successive § 2255 Motion

The Court cannot entertain a "second or successive" § 2255 motion absent a certification from the Court of Appeals verifying that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(3) & 2255(h). Without pre-approval from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or

---

[1] Wells has also filed and the Court has denied two motions to reduce his sentence, Filing No. 149 (motion); Filing No. 153 (order); Filing No. 172 (motion); Filing No. 179 (order), a motion for writ of coram nobis, Filing No. 169 (motion); Filing No. 170 (order), and a motion to correct sentence, Filing No. 187 (motion); Filing No. 189 (order).

2

successive § 2255 motion. See Boykin v. United States, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. 2000) (unpublished opinion).

Because the Court has denied Wells's previous § 2255 motions on the merits, his current request is a successive § 2255 motion for which certification from the Court of Appeals is required. The Eighth Circuit has not certified Wells's successive motion. Accordingly, Wells' motion is an unauthorized, successive § 2255 motion over which this Court lacks jurisdiction. See Hill v. Morrison, 349 F.3d 1089, 1090 (8th Cir. 2003). His accompanying motion seeking to proceed on his § 2255 motion in forma pauperis, Filing No. 291, is denied as moot.

## B. Certificate of Appealability

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). Jones v. Delo, 258 F.3d 893, 900–01 (8th Cir. 2001). The court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432, (1991) (per curiam)); see also Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Wells has not shown that reasonable jurists would find the issues raised in his successive § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a certificate of appealability in this case.

### III.  CONCLUSION

The Court concludes it must dismiss the defendant's successive § 2255 petition for lack of jurisdiction and that no certificate of appealability shall issue. The defendant's request to proceed in forma pauperis is denied as moot. Accordingly,

IT IS ORDERED:

1. Defendant's Motion to Vacate Under 28 U.S.C. § 2255, Filing No. 290, is denied without prejudice for lack of jurisdiction;

2. Defendant's motion for leave to proceed in forma pauperis, Filing No. 291, is denied as moot;

3. The Court will not issue a certificate of appealability in this matter; and

4. The Court will enter a separate judgment of dismissal.

Dated this 27th day of April, 2022.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge